Er toUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **S1 21 Cr. 185 (JGK)** |
| Tyaqan Pitt, | |
| *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and (3) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's

by or retained by counsel; shall not be copied or otherwise recorded by the defendants; and may be disclosed by counsel only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

7. The Government may authorize, in writing, disclosure of disclosure material and sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, *or court personnel*, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Disclosure and Protection of Seized ESI

9. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. This ESI was seized from various cellphones and social media accounts belonging to the defendant and other co-conspirators.

10. The Government is authorized to disclose to counsel for the defendant, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by

3

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____           Date: 4/28/22
Andrew K. Chan
Assistant United States Attorney

_____              Date: 4/28/22
David Stern, Esq.
Counsel for Tyaqan Pitt


SO ORDERED:
Dated: New York, New York
       April 28, 2022

_____
THE HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

5